**NOT FOR PUBLICATION**



FILED & ENTERED

AUG 14 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ALLANA BARONI,<br><br>          Reorganized Debtor. | Case No.: 1:12-bk-10986-MB<br><br>Chapter 11<br><br>Adv. Proc. No.  1:13-ap-01249-MB |
| ALLANA BARONI,<br><br>    Plaintiff,<br><br>      vs.<br><br>ONEWEST BANK, FSB,<br><br>    Defendant. | **MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTION TO STRIKE SUMMARY JUDGMENT MOTION BY ONEWEST BANK ON COUNTERCLAIM**<br><br><u>Hearing</u><br><br>Date:   July 30, 2015<br>Time:   11:00 a.m.<br>Place:  Courtroom 303<br>         21041 Burbank Blvd<br>         Woodland Hills, CA 91367 |

MEMORANDUM OF DECISION

| | |
|---|---|
| 1 | ONEWEST BANK, FSB, |
| 2 | |
| 3 | Counterclaimant, |
| 4 | vs. |
| 5 | ALLANA BARONI, |
| 6 | Counterdefendant. |
| 7 | |

On July 30, 2015, before the undersigned United States Bankruptcy Judge, the Court held a hearing on the *Motion to Strike OneWest Bank, FSB's Motion for Summary Judgment of Counterclaim* ("Motion") filed by Plaintiff and Counterdefendant Allana Baroni. Adv. Dkt. 201. Louis J. Esbin and Michael Riley appeared on behalf of Plaintiff Allana Baroni ("Baroni" or "Plaintiff"). Brian J. Newman appeared on behalf of Defendant and Counterclaimant OneWest Bank, F.S.B. ("OWB" or "Defendant"). The Court considered the pleadings and declarations submitted by the parties and the arguments of counsel. At the conclusion of the hearing, the Court announced its decision to deny the Motion. The Court files this written Memorandum of Decision to clarify and supplement its reasons for doing so. This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Allana Baroni commenced this bankruptcy case on February 1, 2012. Case Dkt. 1. The case originally was filed under chapter 13 of the Bankruptcy Code, but subsequently was converted to chapter 11. Case Dkt. 10, 17. Defendant OWB filed a proof of claim on or about March 27, 2012, in an amount in excess of $1.8 million, asserting a secured claim against Baroni and certain real estate in which she holds an interest. *See* Claim No. 3-1. Baroni disputes the claim filed by OWB, arguing that OWB does not own, and otherwise is not entitled, to enforce the

promissory note and deed of trust (the "Note" and "Deed of Trust") on which the claim is premised.

On April 15, 2013, the Court confirmed the chapter 11 plan proposed by Baroni (the "Plan"), over the objection of OWB. Case Dkt. 423. The Plan contemplates, *inter alia,* that Baroni would file a post-confirmation adversary proceeding disputing the OWB claim and, pending a final adjudication of that dispute, make plan payments into a reserve account. Case Dkt. 376 at 22-24. If OWB is successful in that litigation, OWB will be entitled under the Plan to the amounts deposited into the reserve account and future monthly payments required by the Plan. If Baroni is successful, any reserved amounts in respect of the OWB claim, to which OWB is determined not to be entitled, will revert to Baroni.

On November 15, 2013, Baroni filed her complaint against OWB (the "Complaint"), commencing this adversary proceeding. Adv. Dkt. 1. The complaint alleges six different claims for relief, including the First Claim for Relief, which seeks a declaratory judgment regarding the validity of OWB's claim. Although the legal theories asserted in each claim differ, all of these counts contend, in one way or another that OWB is not the holder of the Note and Security Agreement or not otherwise entitled to enforce and collect the secured debt created under those instruments.

On January 17, 2014, OWB filed a counterclaim (the "Counterclaim") seeking a declaratory judgment that OWB may enforce the Note and Security Agreement and that OWB holds an allowed secured claim under the Bankruptcy Code based on those instruments. Adv. Dkt. 16. The relief requested in the Counterclaim is effectively the mirror image of the relief requested in the Complaint. The Complaint seeks to determine the secured debt unenforceable by OWB. The Counterclaim seeks to determine the same secured debt fully enforceable by OWB.

On January 29, 2014, the Court entered a scheduling order setting a status conference for August 27, 2014 and various deadlines. Adv. Dkt. 18. Among other things, the scheduling order provided that "Pretrial motions filed by 07/31/2014, will be set for hearing at 10:30 am on 08/27/2014." *Id.* at 2. On July 18, 2014, the Court entered its *Order Approving Joint Stipulation Amending Scheduling Order* ("Amended Scheduling Order") which contemplated a later date for

1  pre-trial motions: "All pre-trial motions, including without limitation motions for summary
2  judgment and summary adjudication, shall be filed by no later than October 31, 2014, and shall be
3  scheduled for hearing in the normal course in accordance with the Local Rules."  Adv. Dkt. 43 at 2.
4      On October 1, 2014, OWB filed its *Motion for Summary Judgment or, in the Alternative,*
5  *Summary Adjudication with Respect to Adversary Complaint* ("MSJ").  Adv. Dkt. 59.  The MSJ
6  sought summary judgment in favor of OWB on all of the counts in the Complaint.  The Court, the
7  Honorable Alan M. Ahart presiding, held a hearing on the MSJ on November 19, 2014 and granted
8  the relief requested.  The Court entered its order granting the MSJ (the "MSJ Order") on December
9  4, 2014.  Adv. Dkt. 129.  Among other things, the MSJ Order provides that OWB is entitled to
10 enforce the Note and Deed of Trust, and that OWB is entitled to judgment as a matter of law on
11 each and every claim in the Complaint, including the First Claim for Relief.  *See id.*  On December
12 15, 2014, Baroni filed a Notice of Appeal from the MSJ Order.  Adv. Dkt. 132.  OWB elected to
13 have the appeal heard by the District Court.  Adv. Dkt. 143.
14     The District Court subsequently dismissed Baroni's appeal from the MSJ Order.  The
15 District Court found that the MSJ Order was interlocutory because the Counterclaim is still
16 pending.  *See* Adv. Dkt. 216 (District Court Civil Minutes entered July 24, 2015).  The District
17 Court also noted that this was the third instance in which Baroni had appealed from an
18 interlocutory order without first seeking and obtaining leave to do so, and admonished that if she
19 did so again, the Court would be inclined to entertain a motion for sanctions.  *Id.*
20     While Baroni's appeal of the MSJ Order was pending, the parties have been engaged in a
21 series of overlapping disputes regarding the impact of the MSJ Order on the operation of the Plan
22 and the disposition of the Counterclaim.  Following entry of the MSJ Order in its favor, OWB
23 demanded that Baroni turnover all funds in its reserve account under the Plan and make all future
24 payments under the Plan directly to OWB.  Baroni refused to do so and OWB thereafter filed a
25 motion to compel such payments ("Motion to Compel Plan Payments").  Case Dkt. 654.
26     In response to the Motion to Compel Plan Payments, Baroni argued, among other things,
27 that OWB's claim had not been "allowed" pursuant to a final, non-appealable order.  Case Dkt. 661
28 at 7-9.  In support of this argument, Baroni cited Judge Ahart's deletion of a paragraph in the

proposed form of order on the MSJ stating that the OWB Claim was allowed and that OWB was entitled to the balance of its reserve account and all future payments under the Plan. *Id.* at 11. Baroni offered this deletion as "proof" that the Court had not made a determination on allowance of OWB's claim.

On May 13, 2015, the Court, before the undersigned, held a hearing on the Motion to Compel Plan Payments. The Court denied the motion without prejudice. The Court found that for purposes of triggering the turnover provision in the Plan, any determination on OWB's claim would have to be final and non-appealable. In other words, the Court held that OWB was not entitled to its reserve fund or future payments until Baroni exhausted all of her appeals regarding allowance of OWB's claim. The Court's analysis of the Motion to Compel Plan Payments assumed, without expressly deciding, that the MSJ Order adjudicated the allowance of OWB's claim under the Bankruptcy Code. As it was clear that the appeals from the MSJ Order were not exhausted, OWB could not be entitled to any payment under the Plan.

While the parties were arguing over the Motion to Compel Plan Payments, they also were arguing over the proper disposition of the Counterclaim. The parties allege that at various times either OWB or Baroni has refused to consent to the dismissal of the Counterclaim for tactical reasons. *See, e.g.*, Adv. Dkt. 201 at 2-4; Adv. Dkt. 207 at 6-7. For the reasons explained below, the Court is not impressed with these arguments. The Court is persuaded, however, that there is good cause to permit consideration of OWB's summary judgment motion on the merits of its Counterclaim, and to alter the Amended Scheduling Order in this case to permit that motion to proceed at this time.

## II.

## ANALYSIS

Pursuant to the instant Motion, Baroni argues that OWB should not be permitted to proceed with its motion for summary judgment on its Counterclaim (the "Counterclaim MSJ") because the Amended Scheduling Order in this proceeding requires all pretrial motions to be filed no later than October 31, 2014. OWB, in response, contends that there is good cause to permit the Counterclaim MSJ to proceed. The Court concludes that there is "good cause" under Rule 16(b)(4) of the Federal

Rules of Civil Procedure (made applicable to this proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure) to *sua sponte* modify the Amended Scheduling Order in this adversary proceeding in order to permit OWB to proceed with the Counterclaim MSJ. Accordingly, the Motion, which seeks to strike the Counterclaim MSJ, is denied.

Federal Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A formal motion to modify the schedule is not required. *See, e.g., Rambus Inc. v. Hynix Semiconductor Inc.*, 628 F. Supp. 2d 1114, 1120-21 (N.D. Cal. 2008) (treating motions for summary judgment as implicitly requesting relief from the court's case management orders); *Breakman v. Stubbs*, 2012 U.S. Dist. LEXIS 63040 (D. Nev. May 3, 2012) (determining *sua sponte* to alter scheduling order to permit consideration of summary judgment motion); *see also* Advisory Comm. Note to 1983 Amendments to Rule 16 (a formal motion to modify a scheduling order is not necessary where "good cause" exists).

Here, good cause exists to amend the scheduling order in this case to permit OWB to proceed with the Counterclaim MSJ. "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also In re First Capital Holdings Corp.,* 179 B.R. 902, 904 (Bankr. C.D. Cal. 1995) ("[S]ummary judgment . . . is a particularly important tool for the avoidance of unnecessary trials when no genuine issues of material fact have been raised."). Accordingly, even at a *final* pretrial conference, a trial court has the discretion to grant summary judgment *sua sponte* where there are no undisputed facts, in order to "conserve[] scarce judicial resources." *Portsmouth Square, Inc. v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985).

The MSJ Order found in favor of OWB on all six of Baroni's causes of action, including her First Claim for Relief to determine the nature, extent and validity of lien asserted against the subject real estate. The MSJ Order expressly found that OWB had the right to enforce the Note and that the Deed of Trust was validly assigned to OWB. Although the Court will reserve final judgment on the Counterclaim MSJ until that motion is fully briefed and argued, the Court has

1  identified no reason why the Court's judgment on the Complaint does not also resolve the material

2  issues of fact relevant to the Counterclaim.  If ultimately that is the case, proceeding to trial on the

3  Counterclaim would be unnecessary and wasteful.

4      At oral argument on the instant Motion, Baroni argued that OWB made a tactical decision

5  in October 2014 to move for summary judgment only on the Complaint and not on the

6  Counterclaim, and that OWB should have to live with the consequences of that decision.  The

7  Court does not find the argument persuasive.  It was reasonable for OWB to have opted not to draft

8  a motion for summary judgment on both the Complaint and Counterclaim because the two

9  pleadings mirror each other.  Further, the burden on Baroni in opposing a motion for summary

10 judgment on the Counterclaim is less than the burden imposed on her in responding to summary

11 judgment on her Complaint.  Thus, there was no tactical advantage to be gained by including the

12 Counterclaim at the time, and no prejudice to Baroni in doing so now.

13     Likewise, Baroni argued at the hearing that it would be inequitable to permit OWB to

14 proceed with its Counterclaim MSJ because (i) OWB had at one time represented to the Court that

15 it would dismiss the Counterclaim but (ii) thereafter declined to do so in order to argue in the

16 District Court that the appeal of the MSJ Order was interlocutory.  However, the Court is not

17 persuaded by these arguments either.  First, it appears that the reason OWB previously considered

18 dismissing the Counterclaim is that it believed that all of the issues arising from the Counterclaim

19 were subsumed in the MSJ Order.  Indeed, it appears that Baroni shared this view when she filed

20 her appeal from the MSJ Order without seeking leave to prosecute an interlocutory appeal – after

21 having had two previous appeals dismissed as interlocutory.  Second, it is clear that although OWB

22 may have considered dismissing the Counterclaim at one time, it is now insisting on an

23 adjudication of the Counterclaim because Baroni, after the commencement of her appeal,

24 announced her position that the MSJ Order did not result in the "allowance" of OWB's claim.  (The

25 Counterclaim, unlike the Complaint, contains a count expressly declaring the OWB claim an

26 "allowed claim.")

27     Ultimately, the question before the Court is whether the parties should proceed to trial on

28 the Counterclaim *regardless* of whether there are any genuine issues of material fact.  Nothing

7
MEMORANDUM OF DECISION

Baroni has alleged justifies answering this question in the affirmative. The purpose of summary judgment is to ensure the efficient use of judicial resources by avoiding unnecessary trials. The Court will further this objective by modifying the Amended Scheduling Order in this case and permitting the Counterclaim MSJ to proceed. Moreover, doing so will not prejudice Baroni. If she succeeds in demonstrating that there are genuine issues of material fact, the Court will deny summary judgment on the Counterclaim and she will get a trial on those issues. However, if there are no genuine issues of material fact, summary judgment on the Counterclaim will spare the Court and all parties the unnecessary expense and delay of a trial.

In her Motion, Baroni requests sanctions in an unspecified amount against OWB and, in opposition to the Motion, OWB requests sanctions against Baroni. Neither party has demonstrated compliance with the requirements of Rule 11 of the Federal Rules of Civil Procedure or this Court's Local Bankruptcy Rule 9011-3. As the parties' requests are procedurally defective and substantively without merit, they are denied in full.

###

Date: August 14, 2015

Martin R Barash
United States Bankruptcy Judge